THE LAW OFFICES OF
# NEAL BRICKMAN, P.C.
420 LEXINGTON AVENUE, SUITE 2811
NEW YORK, NEW YORK 10170

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/21/2024
```

NEAL BRICKMAN  
JUDITH L. GOLDSBOROUGH  
ETHAN Y. LEONARD  
VIRGINIA A. REILLY  
JASON A. STEWART  

TELEPHONE:  
(212) 986-6840  

TELECOPIER:  
(212) 986-7691  

February 19, 2024

<u>Via ECF Only</u>

Honorable Mary Kay Vyskocil  
United States District Judge  
Southern District of New York  
500 Pearl Street, Room 2230  
New York, New York 10007  

        Re:   *Daniel Rivera v. Better Holdco, Inc.*  
              Case No. 1:23-cv-10635-MKV

Dear Judge Vyskocil:

     I hope that all is well with you and yours. We represent the Plaintiff, Daniel Rivera ("Rivera"), in the above referenced action. We write today jointly with counsel for the Defendant.

     Specifically, we write pursuant to the Court's Individual Practice Rules 2.G and 4.B. The Parties respectfully request that this matter be stayed so as to allow a charge to be filed through JAMS consistent with the arbitration agreement Defendant previously submitted with its Motion to Compel Arbitration (ECF 10, 11, 11-1), and to allow JAMS the opportunity to determine arbitrability and administration per its Rules and the terms of the arbitration agreement.

     With this, the Parties also request that the current briefing schedule established by the Court's February 7, 2024 Order (ECF 16) be deemed moot. Alternatively, and out of an abundance of caution, the Parties request: (A) an extension of time, through and including March 13, 2024, for Defendant to file its consolidated Motion to Compel Arbitration and alternative Motion to Dismiss Plaintiff's Complaint; and (B) an extension of time on Rivera's deadline to respond thereto through and including April 3, 2024 due to pre-existing arbitration and vacation schedules; and a consequent of extension for Better's Reply until April 10, 2024.

Pursuant to this Court's February 7 Order, Defendant's foregoing consolidated Motion is presently due to be filed on February 21, 2024. This is Defendant's second request for an extension in this matter, the first being made by Consent Letter Motion, which request was granted by this Court on December 8, 2023. *See* ECF 4, 5. Rivera has filed two Letter Motions requesting extensions of time to respond to Defendant's previously filed Motion to Compel Arbitration and pre-motion letter requesting leave to file a Motion to Dismiss (*see* ECF 14, 15); the Court addressed Rivera's two letters indirectly through the Court's February 7 Order denying without prejudice Defendant's Motion to Compel Arbitration and granting Defendant leave to file a Motion to Dismiss. *See* ECF 16. Presently, other than the briefing schedule set by this Courts' February 7 Order, no other scheduled dates exist in this action.

The Parties request the foregoing extension of time to file because of the noted intent to submit a charge to JAMS, as well as the Parties' litigation and discovery obligations in other matters existing as of the date of the Court's February 7 Order (including, as it relates to Defendant, a previously scheduled February 21, 2024 party deposition). The Parties' requests herein are made in good faith and not for the purpose of delay. Accordingly, the Parties respectfully submit that good cause exists to stay this case pending arbitration of the claims and to cancel (or alternatively extend filing deadlines for) the briefing schedule on Defendant's consolidated Motion to Compel Arbitration and alternative Motion to Dismiss and Rivera's response to the same.

We thank the Court for its time, attention, and courtesies in this regard.

Respectfully submitted,

Ethan Leonard (EL2497)

*/s/ Michael J. Lufkin*

Michael J. Lufkin (Fla. Bar. 003

---

The parties' joint request to STAY this matter while they proceed with arbitration is GRANTED. All previously-ordered deadlines are stayed. The parties must file a joint status letter in 45 days and every 30 days thereafter until the conclusion of the arbitration. The parties must also file a joint status letter within 3 business days of the conclusion of the arbitration. **The parties are on notice that failure to comply with this Order may result in sanctions, including dismissal with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.**

Date: February 21, 2024
New York, New York

Mary Kay Vyskocil
United States District Judge